## (November 19, 1937.)

JOHN WERLE, Appellant, v. DAVID RUMSEY, JOHN HILL MORGAN and Others, Individually, and as Partners of the Firm of RUMSEY & MORGAN, Respondents.

Judgment affirmed, with costs. No opinion. Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; O'Malley and Untermyer, JJ., dissent and vote for reversal and a new trial; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). Upon the present record the jury could have found that the plaintiff was not adequately protected against the serious claim of usury which had previously been asserted against the $16,000 mortgage, even

though that claim was temporarily relinquished by Stockinger obviously for the purpose of securing additional funds. The plaintiff was not protected by the estoppel certificate nor by the letter of May 12, 1936, written by Stockinger's attorney, and held to be inadmissible against Stockinger. Under these circumstances the jury could at least have found that the defendants should not have recommended that the new mortgage for $14,000 be consolidated with the earlier mortgage, thereby resulting in a total loss.

Although the plaintiff asserted at all times to the defendants, and still asserts, that the $16,000 mortgage was not usurious, it was known that the claim of usury had been insistently made by Stockinger and that the plaintiff had stated to his attorneys that he had no satisfactory evidence with which to oppose that claim. Unless, therefore, the judgment in *Werle* v. *Stockinger* is conclusive on that issue in this action by Werle against his attorneys, the question of fact should have been submitted to the jury. In my opinion that judgment is not conclusive in this action between different parties. On the contrary, it is the plaintiff's contention that the judgment in *Werle* v. *Stockinger* resulted from the failure of the defendants properly to protect his interests in connection with the execution of the consolidated mortgage.

The judgment should be reversed and a new trial ordered.

O'Malley, J., concurs.